IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | 4:05-cr-00255 |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| HAROLD LINDSEY WEBSTER, | * | |
| | * | ORDER |
| Defendant. | * | |

Before the Court is a Motion filed by Harold Webster ("Defendant") requesting a reduction to his term of imprisonment, pursuant to 18 U.S.C. § 3582(c) and United States Sentencing Guideline amendment 750 (hereinafter "Amendment 750"). Clerk's No. 180.

18 U.S.C. § 3582(c)(2) states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. 3582(c)(2) if . . . [a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10.

Defendant pled guilty to one count of conspiracy to distribute fifty grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A). *See* Clerk's No. 139. As a result of Defendant's prior criminal convictions, he qualified as a career-offender and his corresponding recommended guideline sentencing range was 262–327 months. *See* Clerk's No. 161 ¶ 35. However, Defendant was ultimately sentenced to 240 months

incarceration based on the recommendation of both parties, pursuant to a Rule 11(c)(1)(C) plea agreement. *See* Clerk's No. 138.

A prisoner originally sentenced pursuant to a Rule 11(c)(1)(C) plea agreement can be eligible for a sentence reduction if the agreed-upon sentence was based upon a sentencing guideline that has subsequently been lowered. *See Freeman v. United States*, 131 S. Ct. 2685, 2695 (2011). However, in this case, the applicable guideline range used to determine Defendant's sentence was based on the career offender guideline, USSG § 4B1.1, not recently amended USSG § 2D1.1. Thus, Defendant is not eligible for a reduction in sentence because Amendment 750 does not lower Defendant's applicable guideline range. *See* USSG § 1B1.10, cmt. (n.1(A)) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) . . . if [an amendment] is applicable to the defendant but . . . does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision."). Therefore, Defendant's motion is DENIED.

IT IS SO ORDERED.

Dated this _19th_ day of April, 2012.

_____
ROBERT W. PRATT, Judge
U.S. DISTRICT COURT